UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-6800 PA (SKx) | Date | September 30, 2022 |
|---|---|---|---|
| Title | CraftShack, Inc. v. Retail Services & Systems, Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | N/A | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**   IN CHAMBERS—ORDER TO SHOW CAUSE

      According to the Complaint filed by plaintiff CraftShack, Inc. ("Plaintiff"), Plaintiff operates an online craft beer marketplace and has a website displaying photographs to promote sales, including 24 original photographs registered with the United States Copyright Office. The Complaint alleges that defendants Retail Services & Systems, Inc.("Retail Services") and California Fine Wine & Spirits, LLC (collectively "Defendants"), which operate Total Wine & More locations throughout the United States, including in California, have infringed Plaintiff's copyrights in the photographs by displaying the photographs on Total Wine & More's website.

      Plaintiff is a Delaware corporation with its principal place of business in Wilmington, Delaware. Defendants' principal place of business is in Bethesda, Maryland, and Retail Services is a Maryland corporation. The Complaint alleges that California Fine Wine & Spirits is "a subsidiary, related company, affiliate, and/or alter ego of" Retail Services, and that Retail Services "owns, operates, and/or controls the commercial, for-profit website totalwine.com." (Compl. ¶¶ 7-8.) The Complaint alleges in conclusory fashion that "[v]enue in this judicial district is proper . . . in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred." (Id. ¶ 3.)

      Although the Complaint alleges facts that may support the exercise of personal jurisdiction over Defendants, it is unclear why this action was filed in a District in which neither party is located other than because Plaintiff retained counsel in the Central District of California ("Central District"). Because none of the parties reside in the Central District, and there are no allegations that any decisions concerning the content of Defendants' website have any connection to the Central District, the Court orders the parties to show cause in writing why venue is proper in the Central District and why this action should not be dismissed or, in the alternative, transferred to the United States District Court for the District of Maryland (the "District of Maryland"), the United States District Court for the District of Delaware ("District of Delaware"), or another forum identified by the parties, for the convenience of the parties and witnesses, and in the interests of justice. See 28 U.S.C. §§ 1404, 1406. All factual matters

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-6800 PA (SKx) | Date | September 30, 2022 |
|---|---|---|---|
| Title | CraftShack, Inc. v. Retail Services & Systems, Inc., et al. | | |

relied upon in the parties' submissions must be supported by appropriate declarations and admissible evidence.

To assist the Court in determining whether transfer is appropriate and in the interest of justice, the parties are directed to address the following, in addition to sharing their beliefs as to which forum is more convenient for the parties and witnesses:

1. Whether this action could have been brought in the District of Maryland or the District of Delaware;

2. Whether venue is appropriate in the District of Maryland or the District of Delaware;

3. What contacts, if any, each of the parties has to the Central District, the District of Maryland, or the District of Delaware;

4. What connection Plaintiff's cause of action has to the Central District, the District of Maryland, and the District of Delaware;

5. Which witnesses are expected to be called and where they reside;

6. The availability of compulsory process to compel attendance of unwilling non-party witnesses in the Central District as compared to the District of Maryland and the District of Delaware;

7. The ease of access to sources of proof in each of the forums;

8. The expected difference in the cost of litigation in the Central District as compared to the District of Maryland and the District of Delaware; and

9. Whether there are any alternative forums, other than the Central District, the District of Maryland, and the District of Delaware, that would be more convenient for this action, keeping in mind the foregoing inquiries.

Plaintiff is ordered to personally serve a copy of this Order on any defendant that has already been served with the Complaint within three (3) court days of the date of this Order or at the time of service for any defendant that has not already been served. Plaintiff is ordered to file its Response to this Order no later than **October 14, 2022.** Defendants may file a Response no

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-6800 PA (SKx) | Date | September 30, 2022 |
|---|---|---|---|
| Title | CraftShack, Inc. v. Retail Services & Systems, Inc., et al. | | |

later than the latter of **October 24, 2022**, or 21 days after they are served with the Summons and Complaint. Failure to timely and adequately respond to this Order may result in the dismissal or transfer of this action without further warning.

    IT IS SO ORDERED.